# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3792

_____

United States of America,                       *
*
           Plaintiff - Appellee,        *
                                        *   Appeal from the United States
       v.                           *   District Court for the
                                        *   Western District of Missouri.
Donald W. Gallimore,          *
*
           Defendant - Appellant.     *

_____

Submitted: May 18, 2007
Filed: June 25, 2007

_____

Before MURPHY, HANSEN, and COLLOTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Donald Gallimore pled guilty to retaliating against a grand jury witness in violation of 18 U.S.C. §§ 1513(b)(1) and (2). The district court[1] found that his offense involved the obstruction of a criminal prosecution and applied a cross reference to the sentencing guideline for accessory after the fact offenses. Because a drug conspiracy was the underlying offense which was obstructed, application of the cross reference had the effect of raising Gallimore's sentencing range. He was sentenced to 87 months

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

and he appeals, contending that the district court erred in its application of the guidelines. We affirm.

I.

In July 2004 a federal grand jury heard testimony from Jeffrey Lee Carter, and a 27 count indictment was subsequently returned charging a large conspiracy to distribute methamphetamine. Roy Rodriguez and his brother Roberto were both named defendants in that indictment, partly based on Carter's testimony. On May 15, 2005 Roy Rodriguez and appellant Gallimore assaulted Carter in retaliation for his grand jury testimony by beating and choking him until he lost consciousness. They then stole his car and abandoned him in a parking lot. As a result of the attack Carter suffered a concussion and required emergency medical services, including four stitches in his lip. The drug charges against the Rodriguezes were still pending at the time of the assault.

Gallimore and Rodriguez were both indicted on one count of retaliating against a grand jury witness in violation of 18 U.S.C. §§ 1513(b)(1) and (2). Gallimore pled guilty to the indictment on March 2, 2006. The case was subsequently transferred to the judge who was also presiding over the underlying drug conspiracy case.

Gallimore's presentence report (PSR) based its guideline calculation on U.S.S.G. § 2J1.2, which covers offenses involving the obstruction of justice, including violations of 18 U.S.C. § 1513(b). The PSR addressed several sections of that guideline which might apply to Gallimore's conduct. Section 2J1.2(a) imposes a base offense level of 14 for all offenses covered by the guideline, and § 2J1.2(b)(1)(A) provides for an eight level enhancement if a defendant "caus[ed] or threaten[ed] to cause physical injury to a person, or property damage, in order to obstruct the administration of justice." U.S.S.G. § 2J1.2(b)(1)(A). Section 2J1.2(c) provides that if an offense "involved obstructing the investigation or prosecution of a criminal

offense," the defendant's offense level should be calculated under § 2X3.1, the guideline applicable to accessory after the fact offenses. U.S.S.G. § 2J1.2(c).

The PSR recommended that Gallimore's offense level be calculated under the § 2J1.2(c) cross reference to § 2X3.1. Section 2X3.1 fixes a defendant's base offense level at six levels lower than the offense level applicable to the underlying offense, which in this case was designated to be the drug conspiracy. Application of the cross reference resulted in a recommended base offense level of 30, with a three level reduction for acceptance of responsibility under U.S.S.G. §§ 3E1.1(a) and (b). Gallimore objected to the PSR's sentencing recommendation and to most of its factual statements. He admitted little more than the bare facts which formed the basis of his indictment: that he had assaulted Carter and stolen his car and some of its contents in retaliation for his testimony before the grand jury.

At the sentencing hearing on October 26, 2006, the government reported that it had been unable to locate Carter to obtain his testimony about the assault. Gallimore objected to application of the § 2J1.2(c) cross reference provision, arguing that the government had not proved by a preponderance of the evidence that the assault on Carter had actually interfered with the investigation or prosecution of the underlying drug conspiracy case. He also objected that application of the cross reference provision violated his Sixth Amendment rights because it increased his sentence based on facts not proved to a jury. He argued that he should be sentenced under §§ 2J1.2(a) and (b)(1)(A), which would have resulted in an offense level of 22 and a guideline range of 51 to 63 months.

The district court overruled these objections and concluded that the § 2J1.2(c) cross reference to § 2X3.1 applied to Gallimore's offense. As directed by § 2X3.1, the district court calculated Gallimore's base offense level by reducing the offense level applicable to the underlying drug charges against Rodriguez by six levels. See U.S.S.G. § 2X3.1(a)(1). It then applied a three level reduction for acceptance of

responsibility, §§ 3E1.1(a), (b), to arrive at an offense level of 27. Both parties agreed that this calculation was correct in light of the court's ruling that the cross reference provision applied.[2] The district court assessed Gallimore's criminal history at category III, resulting in an advisory guideline range of 87 to 108 months. After considering the 18 U.S.C. § 3553(a) factors, the district court sentenced Gallimore to 87 months and $9000 in restitution.

## II.

On appeal Gallimore contests the district court's application of the § 2J1.2(c) cross reference, arguing that there was insufficient evidence to support a finding that his offense involved the obstruction of a criminal investigation or proceeding and that application of the provision violated his Sixth Amendment rights. We review a district court's interpretation and application of the sentencing guidelines de novo and its findings of fact for clear error. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). We also review constitutional challenges to a sentence de novo. United States v. Wade, 435 F.3d 829, 831 (8th Cir. 2006). A defendant's ultimate sentence is reviewed for reasonableness in light of the factors in 18 U.S.C. § 3353(a). See Mashek, 406 F.3d at 1017. Gallimore does not contest reasonableness on appeal but rather raises the legal argument that the district court erred in applying the cross reference.

---

[2]Appellant did not object to the district court's determination that the drug conspiracy case was the "underlying offense" for purposes of § 2X3.1(a)(1), even though he had objected to the PSR paragraph in which the writer identified that case as the one in which Carter testified. He has subsequently admitted the connection between the cases in his appellate briefs and at oral argument.

A.

Section 2J1.2(c) directs a sentencing court to apply § 2X3.1 if a defendant's conduct "involved obstructing the investigation or prosecution of a criminal offense" and if application of U.S.S.G. § 2X3.1 would result in a higher sentence than the one provided by the other provisions in § 2J1.2. Although § 2X3.1 normally applies to convictions for being an accessory after the fact, in the context of the § 2J1.2(c) cross reference provision, it merely "serves as a tool for calculating the base offense level for particularly serious obstruction offenses." United States v. Russell, 234 F.3d 404, 410 (8th Cir. 2000). The government need not prove that the defendant was an accessory to the underlying offense. Id. at 410.

Section 2X3.1 provides that a defendant's base offense level should be six levels lower "than the offense level for the underlying offense." U.S.S.G. § 2X3.1(a)(1). In this case the underlying offense was the drug conspiracy charge against Rodriguez which precipitated the assault. See Russell, 234 F.3d at 409-10. The cross reference provides for an enhanced offense level "when the obstruction is in respect to a particularly serious offense," and it applies regardless of "whether [the underlying] offense was committed by the defendant or another person." U.S.S.G. § 2J1.2 cmt. background.

Gallimore argues that § 2J1.2(c) should not have been applied in his case because the government provided no evidence that his assault on Carter actually made the victim or any other witness less likely to testify in the drug case and because an intent to obstruct future criminal proceedings was not an element of his indictment. He points out that he objected to most portions of his presentence report and argues that the government was obliged to introduce evidence or testimony at sentencing to prove that his conduct resulted in an obstruction of the underlying drug conspiracy prosecution. For support Gallimore relies primarily on United States v. Poor Bear, 359 F.3d 1038 (8th Cir. 2004), where we reversed a sentence after the district court

imposed an enhancement for criminal sexual abuse based on factual allegations in the presence report to which the defendant had objected. Id. at 1042-43.

We find Poor Bear inapposite here. That case stands for the uncontested proposition that where a defendant objects to factual allegations in a presentence report, the district court may not rely on those facts at sentencing. Id. at 1041. Here the district court based its decision to apply the cross reference provision on facts to which Gallimore did not object – facts that were at the heart of his guilty plea. Gallimore admitted that he was aware of Carter's grand jury testimony and that he carried out the assault in direct retaliation for it. The district court concluded that this warranted application of the § 2J1.2(c) cross reference.

Gallimore contends that retaliation against a grand jury witness does not trigger § 2J1.2(c) absent concrete evidence that the retaliation had some effect on a criminal proceeding. He argues that the effect that retaliation might have on a witness's future willingness to testify is speculative. The government argues that a violent assault against a grand jury witness could reasonably be expected to have a chilling effect on the future willingness of the victim or other potential witnesses to testify.

It is apparent from the guidelines and commentary[3] that the Sentencing Commission was concerned that retaliation against a witness for past testimony was likely to interfere with the effective administration of justice. Among the examples of obstruction of justice listed in the commentary to § 2J1.2 is: "causing a witness bodily injury or property damage in retaliation for providing testimony . . . in a federal proceeding." The fact that the assault in this case took place before the victim had an opportunity to testify at the underlying drug trial increased the likelihood that it would

---

[3]The commentary is authoritative as to the meaning of a sentencing guideline. Stinson v. United States, 508 U.S. 36, 38 (1993); see also United States v. Mooney, 425 F.3d 1093, 1100 (8th Cir. 2005) (en banc) (noting that commentary "retains its value" in elucidating the meaning of the now advisory guidelines).

impact future criminal proceedings. Carter became unavailable to the government when he could not be located for the sentencing hearing in this case, greatly diminishing the prosecution's ability to present testimony about the actual effect the assault had on the victim's continued willingness to cooperate with the government. If Gallimore's position were adopted, the § 2J1.2(c) cross reference would not be available in precisely those situations in which the retaliation was most effective in silencing a witness.

The government argues that even if Gallimore's act of retaliation did not have any effect on the prosecution of the drug charges against Rodriguez, application of the cross reference would still be appropriate because the assault was intended to have such an effect. A number of circuit courts have concluded that the cross reference provision is more concerned with a defendant's intent to obstruct a criminal proceeding than his ultimate success in doing so. See, e.g., United States v. Aragon, 983 F.2d 1306, 1315-16 (4th Cir. 1993) (applying cross reference to conviction for obstruction under "endeavoring" theory); United States v. Brenson, 104 F.3d 1267, 1284 (11th Cir. 1997); United States v. Roche, 321 F.3d 607, 610 n.2 (6th Cir. 2003); United States v. Flemmi, 402 F.3d 79, 96 n.27 (1st Cir. 2005); United States v. Giovanelli, 464 F.3d 346, 354 (2d Cir. 2006). We agree that this approach is most consistent with the language of the cross reference provision, which applies not just to conduct that has actually obstructed a criminal proceeding, but to all conduct that "*involved* obstructing the investigation or prosecution of a criminal offense." U.S.S.G. § 2J1.2(c) (emphasis added). The commentary supports our conclusion, see Aragon, 983 F.2d at 1316, explaining that application of the accessory after the fact guideline is appropriate "[b]ecause the conduct covered by [§ 2J1.2] is frequently part of *an effort* . . . to assist another person to escape punishment for an offense . . . ." U.S.S.G. § 2J1.2 cmt. background (emphasis added).

Although the only intent necessary to convict Gallimore was an "intent to retaliate," see 18. U.S.C. § 1513(b), the prospective intent to obstruct justice could

also fairly be inferred from his conduct. He violently assaulted a witness whom he could reasonably have anticipated would testify against his codefendant at an upcoming trial, as the victim had already done before the grand jury. Because we conclude that the district court was entitled to infer that this conduct either did obstruct or was intended to obstruct the prosecution of Rodriguez's drug charges, the district court did not err in using the § 2J1.2(c) cross reference to calculate Gallimore's offense level for sentencing purposes.

B.

Gallimore also argues that the district court's use of the enhanced offense level under § 2J1.2(c) violated his Sixth Amendment rights by increasing his sentence based on facts not proved to a jury or included in his indictment. For support he cites United States v. Booker, 543 U.S. 220 (2005). While acknowledging that the remedial portion of Booker upheld judicial fact finding at sentencing in an advisory guideline scheme, 543 U.S. at 245-46, he contends that the guidelines are effectively mandatory as a result of our conclusion that a guideline sentence is presumptively reasonable. See, e.g., United States v. Davidson, 437 F.3d 737, 741 (8th Cir. 2006).

Judicial fact finding under a preponderance of the evidence standard does not run afoul of the Sixth Amendment or the Supreme Court's mandate in Booker, provided that the guidelines are applied in an advisory manner. United States v. Thorpe, 447 F.3d 565, 569 (8th Cir. 2006); see also Wade, 435 F.3d at 831. Here the district court sentenced Gallimore to 87 months – the lowest point in the guideline range – after weighing the § 3553(a) factors, with the applicable range serving as only one factor. See Booker, 543 U.S. at 233 ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."); see also United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005) (appropriate post Booker procedure). Indeed, the district court noted that if the cross reference provision had not been

utilized and his offense level had instead been calculated under § 2J1.2(a) and (b)(1)(A) as Gallimore urged, the resulting guideline range would have been too low to account for the § 3553(a) factors.

Our rule that a guideline sentence is presumed reasonable, see Davidson, 437 F.3d at 741, does not require a district court to impose a sentence within the guideline range. See, e.g., United States v. Hadash, 408 F.3d 1080, 1083-84 (8th Cir. 2005). Morever, since Gallimore has not alleged on appeal that his sentence is unreasonable, the presumption of reasonableness that we accord to guideline sentences is not implicated here. Because the district court used its discretion to fashion what it deemed an appropriate sentence, a determination that appellant has not challenged, we conclude that there was no Sixth Amendment violation.

III.

Accordingly, we affirm the judgment of the district court.

_____