# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2650

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　Plaintiff – Appellee,　　　*
　　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　　*　District of Minnesota.
Anthony Tyrone Howell,　　　　　　*
　　　　　　　　　　　　　　　　　　*
　　　　Defendant – Appellant.　　*


_____

Submitted: May 13, 2010
Filed: June 8, 2010

_____

Before RILEY, Chief Judge, LOKEN, and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Anthony Tyrone Howell pled guilty to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The district court[1] found on the basis of undisputed facts that Howell had used the firearm in connection with the commission of a robbery and applied a guideline cross reference for robbery offenses before sentencing him to serve 90 months. Howell appeals, contending that

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

application of the cross reference violated rights guaranteed him under the Fifth and Sixth Amendments.  We affirm.

I.

On October 6, 2008 the Brooklyn Center Police Department received an emergency telephone call from a child who said that intruders in his home were threatening to kill his father.  After officers arrived at the residence, they heard a loud bang and the sound of a front window shattering and then spotted Howell and two other people climbing out a back window.  The police ordered them to stop.  One obeyed the order, but Howell had to be restrained with a taser.  The third evaded capture.

The officers found a Hi-Point handgun and ammunition on Howell and two other handguns and ammunition outside the back of the residence.  Inside they found a man bound at the wrist and legs with plastic zip ties.  He had injuries on his eye, mouth, and hands, and he told the officers he had been woken up by three people who demanded $40,000 to $50,000 from him at gunpoint.  When they did not get it, they tied him up, beat him, and threatened his life and those of his children.

Howell was indicted in state court on charges of first degree burglary, first degree attempted aggravated robbery, and terroristic threats.  Those charges were dismissed after he was charged in a federal indictment with felon in possession of a firearm.  Howell pled guilty to that charge.  He also admitted that he had violated a condition of the supervised release he was serving for a prior conviction for conspiracy to distribute cocaine. The district court revoked his supervised release and sentenced him to 60 months for the violation.

At the sentencing hearing for his felon in possession conviction, the government argued that Howell had used or possessed a firearm in connection with the attempted robbery and asked the court to apply the cross reference in U.S.S.G. §

2K2.1(c)(1)(A) to sentence him under the robbery guideline. That cross reference provides that if a defendant used or possessed a firearm in connection with the commission or attempted commission of another offense, the court should apply the offense level for that crime if it would be greater than the firearms offense level. See § 2K2.1(c)(1)(A) (referring to U.S.S.G. § 2X1.1 to determine offense level); § 2X1.1 (detailing procedure for calculating offense level for attempted offenses); see also United States v. White, 354 F.3d 841, 843 (8th Cir. 2004) (illustrating application of the cross reference).

The government urged application of the cross reference since Howell's offense level would be greater under the robbery guideline than under the firearms guideline. It calculated that Howell's offense level would be 24 under the firearms guideline because he had previously been convicted of conspiracy to distribute cocaine, see § 2K2.1(a)(4)(A) (base offense level 20), and had used or possessed the firearm in connection with the commission of felony attempted robbery, see § 2K2.1(b)(6) (4 level enhancement). On the other hand his offense level would be 30 under the robbery guideline with a base offense level of 20, see § 2B3.1(a); a 6 level enhancement for having "otherwise used" a firearm to threaten the victim's life, see § 2B3.1(b)(2)(B); a 2 level enhancement because the victim had sustained bodily injuries, see § 2B3.1(b)(3)(A); and another 2 level enhancement for having physically restrained the victim, see § 2B3.1(b)(4)(B).

Howell objected to application of the cross reference, but confirmed that he did not dispute the underlying factual statements in the presentence investigation report (PSR).

> The Court: He's not objecting, I don't think, to the factual statements contained in the presentence report[;] he's objecting to the application of the cross-over provision, which I will cover. It's a legal matter, I think—and I don't know if Mr. Altman [counsel for Howell] disagrees—but I think it's a legal matter as to how those facts are applied as we move along. Mr. Altman, you go ahead and respond on your own.

-3-

Mr. Altman: That's absolutely correct, Your Honor. . . . It's strictly not an objection to the facts, but the facts as applied to the cross-reference.

After concluding that the PSR's statements were undisputed, the district court adopted them as its findings of fact. It then overruled Howell's objection and applied the cross reference, calculating Howell's offense level under the robbery guideline in the same manner that the government had advocated. After applying a three level reduction for acceptance of responsibility, the court calculated Howell's total offense level at 27 and his criminal history category at VI, producing an advisory sentencing range of 130 to 162 months. The statutory maximum sentence applicable to Howell's conviction was however 120 months. See 18 U.S.C. § 924(a)(2); § 922(g)(1).

The district court granted the government's motion for a downward departure under § 5K1.1 for Howell's substantial assistance. The court concluded that a five level downward departure was warranted, which reduced Howell's sentencing range to 84 to 105 months. The court found that, given the nature and circumstances of the offense and Howell's history and characteristics, the sentence was sufficient but not greater than necessary to comply with the purposes of the 18 U.S.C. § 3553(a) sentencing factors. It then imposed a 90 month sentence to run consecutive to Howell's revocation sentence.

II.

Howell contends that application of the cross reference provision violated the Supreme Court's mandate in United States v. Booker, 543 U.S. 220 (2005) by increasing his sentence on the basis of facts that were neither found by a jury nor admitted by him. He does not challenge the accuracy of the factual findings of the district court or the statements in the PSR which support them. Nor does he claim procedural error or substantive unreasonableness. Rather, as his counsel confirmed during the sentencing hearing, he challenges only the constitutionality of the court's use of its factual findings to calculate his sentencing range using the cross reference to the robbery guideline. Our review is thus limited to his constitutional challenge

which we consider de novo. United States v. Gallimore, 491 F.3d 871, 874–75 (8th Cir. 2007).

Booker reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244 (citing Apprendi v. New Jersey, 530 U.S. 466 (2000)); United States v. Nguyen, 602 F.3d 886, 895 (8th Cir. 2010). Because application of the cross reference for robbery offenses increased Howell's offense level and thus his advisory sentencing range, he argues that "Booker seemingly conflicts with the operation of the cross reference." As our precedent makes clear, however, it does not.

After Booker, "facts found at sentencing merely inform the judge's discretion; they do not increase the maximum sentence to which a defendant is otherwise exposed." United States v. Villareal–Amarillas, 562 F.3d 892, 898 (8th Cir. 2009). It is now well established that in the sentencing context neither Booker nor the Fifth or Sixth Amendment is violated by the application of a cross reference on the basis of judge found facts so long as those facts are proven by a preponderance of the evidence and the guidelines are used in an advisory manner. See, e.g., Gallimore, 491 F.3d at 877 (rejecting challenge to cross reference under Booker and the Sixth Amendment); see also United States v. Howe, 538 F.3d 842, 855–56 (8th Cir. 2008) (rejecting challenge to cross reference under the Fifth Amendment), abrogated on other grounds, Villareal–Amarillas, 562 F.3d at 892.

The record reveals that the court was aware of the advisory nature of the guidelines and that it utilized the cross reference for the limited purpose of first calculating an advisory guidelines range. See Gall v. United States, 552 U.S. 38, 49 (2007) (citing Rita v. United States, 551 U.S. 338 (2007)). The court based its determinations upon undisputed facts and applied the cross reference in precisely the circumstances for which it was intended. That is where "the firearm or ammunition

facilitated, or had the potential of facilitating, . . . another offense, . . . regardless of whether a criminal charge was brought, or a conviction obtained." See § 2K2.1 cmt. n.14(A), (C).

The court ultimately determined that a 90 month sentence was appropriate for Howell by considering the 18 U.S.C. § 3553(a) sentencing factors, including the violent nature and circumstances of Howell's offense and his extensive criminal history and characteristics. We conclude that Howell's Fifth and Sixth Amendment rights were not violated by application of the cross reference.

## III.

Accordingly, the judgment of the district court is affirmed.

_____