# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3883

_____

United States of America,              \*

                               \*

       Appellee,              \*

                               \*   Appeal from the United States

      v.                   \*   District Court for the

                               \*   Eastern District of Missouri.

Todd Shepard,                 \*

                               \*     [UNPUBLISHED]

         Appellant.        \*

_____

Submitted: December 17, 2010
Filed: March 23, 2011

_____

Before RILEY, Chief Judge, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury found Todd Shepard, along with a similarly charged co-defendant, guilty of conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851(a)(1). The district court[1] sentenced Shepard within the calculated advisory Guidelines range to 275 months in prison and eight years of supervised release.

_____

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

Shepard challenges the sentence imposed by the district court, arguing that the court committed procedural error by failing to consider, as part of its 18 U.S.C. § 3553(a) analysis, the potential for unwarranted sentencing disparity between Shepard and his co-conspirator/co-defendant. Shepard additionally claims that his sentence of 275 months' imprisonment is substantively unreasonable.

"If a sentencing court fails to consider the factors enumerated in § 3553(a), the court commits 'procedural error.'" United States v. Sandoval-Sianuqui, 632 F.3d 438, 444 (8th Cir. 2011) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). As long as it is clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence, we generally find no procedural error. Id. One factor a sentencing court is required to consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). "Thus, judges must consider sentencing disparities among defendants who are similarly situated to each other." Sandoval-Sianuqui, 632 F.3d at 444 (internal quotation omitted).

"In reviewing for procedural error, '[w]e review a district court's interpretation and application of the sentencing guidelines de novo and its findings of fact for clear error.'" United States v. Thomas, 630 F.3d 1055, 1056-57 (8th Cir. 2011) (alteration in original) (quoting United States v. Gallimore, 491 F.3d 871, 874-75 (8th Cir. 2007)). We find no procedural error.

Shepard claims the district court failed to consider (or, most accurately, Shepard really claims the district court failed to *meaningfully* consider) the need to avoid unwarranted sentencing disparity in this case; that Shepard's 275-month sentence and his co-conspirator's 110-month sentence were "unjustifiably disparate." We disagree. The district court plainly articulated its consideration of the § 3553(a) factors during the sentencing colloquy, specifically noting § 3553(a)(6) as part of its consideration. Further, Shepard's attempt to explain away the dissimilarity between Shepard and his

co-conspirator only highlights our analysis of the § 3553(a)(6) factor. The sentencing court is to be mindful of the need to avoid unwarranted sentence disparities among defendants with *similar* records who have been found guilty of similar conduct. By his own acknowledgment, Shepard was not similarly situated with his co-conspirator for sentencing purposes.[2] Shepard's criminal history category was VI, reflecting his career offender status. Shepard's corresponding Guidelines sentencing range was 262 to 327 months. His co-conspirator, on the other hand, had a criminal history category of I, which placed him in a Guidelines range of 108 to 135 months. This sort of disparity is quite significant and therefore we find no infirmity in the district court's consideration of § 3553(a)(6).

Shepard's sentence is also not substantively unreasonable. We consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Here, too, Shepard claims that the district court failed to adequately consider the sentencing disparity between co-conspirators. Shepard readily acknowledges that his criminal history played a critical role in the length of his punishment and that because his sentence was within the Guidelines range, it is accorded a presumption of reasonableness on appeal. Sandoval-Sianuqui, 632 F.3d at 444 ("[W]e presume . . . sentences [imposed within the advisory Guidelines range] are reasonable."). Yet, Shepard emphasizes that his criminal history category was based on very old convictions and is easily balanced out and wholly outweighed by his co-conspirator's alleged greater culpability and refusal to accept any responsibility for his actions. Shepard claims that even though some difference in range of punishment between these two co-conspirators may be appropriate, ultimately the district court should have exercised its discretion in light of these facts and taken the disparity of sentences into

---

[2]This, then, is why Shepard's reliance upon United States v. Lazenby, 439 F.3d 928 (8th Cir. 2006), is inapposite. In Lazenby, the defendants *were* "remarkably similar," which certainly drove our review of the reasonableness of the sentences imposed. Id. at 932.

greater consideration. Shepard claims that his co-defendant was "more culpable" than Shepard, yet received a sentence 165 months less than Shepard received, and that the disparity between the two is just too great.

Again, even though Shepard attempts to point out many reasons why his co-conspirator might have deserved a harsher sentence than Shepard based on the facts presented at trial, our eye does not leave the ball. "[D]isparate sentences between dissimilarly situated defendants is generally not a proper basis for concluding that a sentence is substantively unreasonable." Sandoval-Sianuqui, 2011 WL 500214, at *4. These co-defendants were not similarly situated in that Shepard's criminal history category was considerably higher. This difference, alone, greatly impacted Shepard's ultimate sentencing range, no matter the level of alleged culpability in the instant conspiracy. Shepard's attempt to explain this difference away by focusing on his co-conspirator's level of culpability is to no avail; these factors just do not "balance each other out," as Shepard argues. Although we acknowledge that the district court certainly could have adjusted Shepard's sentence on this basis, that it did not do so was not an abuse of the court's considerable discretion.

Also, as noted earlier, the sentencing transcript clearly demonstrates that the district court determined Shepard's sentence based upon its analysis of each of the § 3553(a) factors in light of the facts of this case. Carefully reviewing the facts of the case and those contained in the Presentence Investigation Report, the court found that 275-months' imprisonment was appropriate, fully understanding the extent of its discretionary authority. We give due deference to the court's determination and find Shepard's within-Guidelines sentence reasonable. Gall 552 U.S. at 51.

For the reasons stated herein, we affirm.

_____