# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1520

_____

United States of America,      *
     *
     Appellee,      *
     *    Appeal from the United States
     v.      *    District Court for the
     *    Western District of Arkansas
Jermel Knauls,      *
     *    [UNPUBLISHED]
     Appellant.      *

_____

Submitted: March 14, 2011
Filed: April 11, 2011

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After surveillance determined that a suspected drug dealer and two drug couriers had arrived at an apartment in Fort Smith, Arkansas, with a cocaine shipment from Houston, Texas, police officers and agents from the Drug Enforcement Administration ("DEA") orchestrated a controlled buy of crack cocaine from the drug dealer. Soon after the controlled buy, police officers searched the apartment, pursuant to a warrant, and found Jermel Knauls and six other individuals along with approximately eighteen ounces of powder cocaine, a loaded handgun, $2,050 in marked currency from the earlier controlled buy, an additional $11,860, drug packaging material, and digital scales. Knauls admitted that he had purchased

cocaine on numerous occasions from one of the men arrested in the apartment, that he was planning to purchase cocaine on the day of his arrest, and that in the past he had taken powder cocaine to a friend for conversion to crack cocaine. Knauls was indicted and pled guilty, pursuant to a plea agreement, to one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

The quantity of drugs attributable to Knauls resulted in a guidelines base offense level of 20. Knauls had 14 criminal history points, resulting in a criminal history category of VI. Knauls qualified for the career offender enhancement pursuant to U.S.S.G. § 4B1.1(a), which increased his offense level to level 32. The district court[1] then reduced the offense level by three for acceptance of responsibility. § 3E1.1. Thus, Knauls's total offense level was 29 and his advisory guidelines range was 151 to 188 months. The district court then varied downward and sentenced Knauls to 111 months' imprisonment. Knauls appeals, arguing that his sentence is substantively unreasonable.

We will not reverse a sentence as substantively unreasonable absent a showing of abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). "A district court abuses its discretion when it fails to consider a relevant factor, gives significant weight to an irrelevant or improper factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by arriving at a sentence that lies outside the limited range of choice dictated by the facts of the case." *United States v. San-Miguel*, --- F.3d ---, 2011 WL 476594, at *3 (8th Cir. Feb. 11, 2011) (quoting *United States v. Jones*, 509 F.3d 911, 913 (8th Cir. 2007)). "[I]t will be the unusual case when we reverse a district court sentence . . . as substantively unreasonable." *United States v. Feemster*,

---

[1] The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

572 F.3d 455, 464 (8th Cir. 2009) (en banc) (quoting *United States v. Gardellini*, 545 F.3d 1089, 1090 (D.C. Cir. 2008)).

Knauls's sole argument is that the district court "gave too little weight to the extreme disparity between the sentences imposed" on Knauls and his co-defendants. "[T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" is a necessary factor for the court to consider when imposing a sentence. *See* 18 U.S.C. § 3553(a)(6). Therefore, Knauls's argument is that the district court considered appropriate factors but nevertheless committed a clear error of judgment by placing insufficient weight on § 3553(a)(6).

Contrary to Knauls's contention, the district court placed great weight on avoiding unwarranted sentencing disparities in this case. In fact, the district court varied downward to a sentence 40 months below the bottom of the advisory guidelines range after it explicitly considered the sentencing disparity between Knauls and his co-defendants. Finding the advisory guidelines range to be both "unwarranted and unjust," the district court substantiated its downward variance by stating that:

> The application of the [career offender enhancement] in this case has resulted in an inequitable term of imprisonment for Defendant Knauls. The Court further notes that a series of motions for downward departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) have been filed in this case [for Knauls's co-defendants]. They have resulted in [co-]defendants more culpable than Knauls receiving sentences that are less severe.

Moreover, the resulting sentence disparity between Knauls and his co-defendants was not unwarranted because Knauls was not similarly situated to his co-defendants. *See United States v. Plaza*, 471 F.3d 876, 880 (8th Cir. 2006) ("[When co-defendants] are not similarly situated, . . . the district court does not need to

sentence the[m] . . . to the same length of imprisonment to avoid an unwarranted sentencing disparity."). Two of the three co-defendants—Cleonis Dean, sentenced to 108 months, and Charles Brisco, sentenced to 37 months—had a criminal history category of I and did not qualify for the career offender enhancement. *See United States v. Shepard*, 2011 WL 1057557, at *1 (8th Cir. Mar. 23, 2011) (unpublished per curiam) (holding that the defendant was "not similarly situated with his co-conspirator for sentencing purposes" because the defendant, unlike his co-conspirator, was a career offender); *United States v. Davis-Bey*, 605 F.3d 479, 483 (8th Cir. 2010) (holding that a substantial difference between the criminal histories of co-defendants "is a 'legitimate distinction'" that enables "a district court to impose a sentence that results in a disparity between co-defendants"). Further, both Brisco and the third co-defendant cited by Knauls—Michael Whitfield, sentenced to 64 months—cooperated in the prosecution of other co-defendants and received sentence reductions pursuant to § 5K1.1. *See United States v. Gallegos*, 480 F.3d 856, 859 (8th Cir. 2007) (per curiam) ("Disparity in sentences between a defendant who provided substantial assistance and one who provided no assistance . . . is not 'unwarranted.'"). Knauls, consequently, is not situated similarly to Dean, Brisco, or Whitfield. Knauls's reliance on our decision in *United States v. Lazenby*, 439 F.3d 928 (8th Cir. 2006), is misplaced. In *Lazenby*, the co-defendants were "remarkably similar," unlike the co-defendants in this case. *Id.* at 932.

Accordingly, because the district court did not commit a clear error of judgment in weighing the § 3553(a) factors in this case, Knauls's sentence is not substantively unreasonable. Thus, we affirm.

_____