# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3835

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Jason O. Clark, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 6, 2012
Filed: July 10, 2012

_____

Before LOKEN, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Jason Clark pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The District Court[1] sentenced him to one hundred months in prison, which was within the calculated advisory Guidelines range, and three years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the District Court erred in using the cross reference in U.S.S.G.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

§ 2K2.1(c)(1) to calculate Clark's Guidelines range and that the court imposed a substantively unreasonable sentence.

Upon careful review, we conclude that the District Court correctly calculated Clark's Guidelines range. See United States v. Bates, 584 F.3d 1105, 1108 (8th Cir. 2009) (noting that a district court's interpretation and application of the Guidelines are reviewed de novo and its factual findings are reviewed for clear error); United States v. Howell, 606 F.3d 960, 963–64 (8th Cir. 2010) (holding that neither United States v. Booker, 543 U.S. 220 (2005), nor the Fifth or Sixth Amendment is violated when application of the § 2K2.1(c)(1) cross reference is based on judge-found facts if those facts were proven by a preponderance of evidence and the Guidelines were used in advisory manner; noting that the cross reference applies regardless of whether a criminal charge was brought or a conviction was obtained for the other offense). We further conclude that the court did not impose a substantively unreasonable sentence. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (noting that in reviewing sentences, the appellate court first ensures that no significant procedural error occurred, then it considers the substantive reasonableness of the sentence under an abuse-of-discretion standard; an abuse of discretion occurs when a sentencing court fails to consider a relevant factor that should have received additional weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in weighing appropriate factors).

Having independently reviewed the record under Penson v. Ohio, 488 U. S. 75 (1988), we find no nonfrivolous issue. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the District Court.

_____