# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-2997
_____

United States of America

*Plaintiff - Appellee*

v.

Andrew L. Haddock

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: March 9, 2015
Filed: July 20, 2015
[Unpublished]
_____

Before MURPHY, MELLOY, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Andrew Haddock pled guilty to three firearms offenses. The district court[1] sentenced Haddock to 106 months imprisonment. On appeal, Haddock argues the

---

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

district court erred in applying a greater base offense level based on a determination that Haddock's prior Missouri conviction for second-degree assault qualified as a "crime of violence" under the Sentencing Guidelines. We affirm.

Haddock pled guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The presentence investigation report (PSR) applied section 2K2.1(a) of the Guidelines to recommend a base offense level of 20 because Haddock pled guilty to unlawful possession of a firearm subsequent to sustaining one felony conviction of a crime of violence. See United States Sentencing Commission, Guidelines Manual, § 2K2.1(a)(4)(A). The PSR listed the crime of violence as a 2003 conviction for second-degree assault, in violation of Missouri Revised Statutes § 565.060 (1993).

Haddock objected to the application of section 2K2.1(a), arguing section 565.060 is a divisible statute and the evidence before the district court was insufficient to show Haddock was convicted under a subdivision of that statute that constitutes a crime of violence. Haddock attached several documents relating to his second-degree assault conviction to the memorandum in support of his objection, including a copy of section 565.060, the amended information, the petition to enter a guilty plea, and the sentence and judgment. See Shepard v. United States, 544 U.S. 13, 26 (2005) (plurality opinion) (detailing what documents may be considered in applying the modified categorical approach to determine the subsection of conviction under a divisible statute); United States v. Vinton, 631 F.3d 476, 484-85 (8th Cir. 2011) (applying the modified categorical approach to Missouri Revised Statutes § 565.060). The district court reviewed these documents and concluded that section 2K2.1(a) applied because the documents showed Haddock was convicted under section 565.060.1(2) and that offense clearly fell within the definition of a "crime of violence," as defined in section 4B1.2(a)(1) of the Guidelines. See USSG § 2K2.1, comment. (n.1) (noting a "crime of violence" for the purposes of section 2K2.1 has

the meaning given that term in section 4B1.2(a)). The court sentenced Haddock to a bottom-of-the-Guidelines-range term of 106 months imprisonment.

On appeal, Haddock renews his argument that there was insufficient evidence to show he pled guilty to a subsection of 565.060 that qualifies as a crime of violence. He argues the Shepard-approved documents did not indicate a specific subsection or a mental element, making it impossible to tell which subsection applied to his conviction. "We review a district court's interpretation and application of the sentencing guidelines de novo and its findings of fact for clear error." United States v. Gallimore, 491 F.3d 871, 874-75 (8th Cir. 2007).

The version of section 565.060 under which Haddock was convicted reads:

> A person commits the crime of assault in the second degree if he:
> (1) Attempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause; or
> (2) Attempts to cause or knowingly causes physical injury to another person by means of a deadly weapon or dangerous instrument; or
> (3) Recklessly causes serious physical injury to another person; or
> (4) While in an intoxicated condition or under the influence of controlled substances or drugs, operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause physical injury to any other person than himself; or
> (5) Recklessly causes physical injury to another person by means of discharge of a firearm.

Mo. Rev. Stat. § 565.060.1 (1993). The charging document stated Haddock "attempted to cause physical injury to Marc Tragesser by attempting to strike him with a motor vehicle." This language closely tracks subsection two of 565.060.1,

varying only in specificity by identifying the "person" and "means" in question. The other state court documents before the district court also supported a finding that only subsection two could apply. Haddock's petition to enter a plea of guilty in the state court described the relevant conduct as follows: "I assaulted Officer Tragesser by driving my car toward him." During the state court plea colloquy, Haddock admitted to the prosecutor's basic description of the relevant conduct, which was that it involved a vehicular pursuit during which Haddock stopped his car, Officer Tragesser got out of his patrol vehicle, and Haddock resumed the chase, driving "in the direction of" Officer Tragesser, who "had to jump out of the way to avoid being struck by the vehicle." None of the documents indicated Haddock actually injured Officer Tragesser, nor did they indicate Haddock acted "under the influence of sudden passion arising out of adequate cause." And under Missouri law, "[a] motor vehicle qualifies as a dangerous instrument when it is used under circumstances in which the vehicle is readily capable of causing death or serious physical injury," which includes attempting to strike another person with the vehicle. See State v. Ise, -- S.W. 3d --, 2015 WL 545163 at *5 (Mo. Ct. App. Feb. 10, 2015) (a motor vehicle can be a dangerous instrument for the purposes of section 565.060); State v. Smith, 242 S.W.3d 735, 739 (Mo. Ct. App. 2007) (finding sufficient evidence to convict defendant under section 565.060.1(2) for attempting to run over another person with his vehicle). Thus the charging document set forth all of the elements of subsection two and the other portions of the state court record before the district court confirmed that the plea "'necessarily'" rested on subsection two. See Vinton, 631 F.3d at 485 (quoting Shepard, 544 U.S. at 21). Accordingly, the district court did not err in determining Haddock pled guilty to second-degree assault under subsection two of 565.060, which is a crime of violence. See USSG § 4B1.2(a)(1) (a "crime of violence" is an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"); Vinton, 631 F.3d at 485

-4-

(second-degree assault under Missouri Revised Statutes § 565.060.1(2) falls under USSG § 4B1.2, the use-of-force prong, and is therefore a "crime of violence").

     For these reasons, we affirm.

_____