# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-3216
_____

United States of America

*Plaintiff - Appellee*

v.

Kevin Roger Doerr

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: May 12, 2022
Filed: August 2, 2022

_____

Before ERICKSON, STRAS, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

In 2020, Kevin Doerr drove drunk through the White Earth Indian Reservation. Local residents tried to stop him, but he struck and pinned one of them, N.V., under his car. A jury convicted Doerr of assault with a dangerous weapon[1]

---

[1] 18 U.S.C. § 113(a)(3), which Doerr is subject to under 18 U.S.C. §§ 1151, 1153(a).

and assault resulting in serious bodily injury.[2]  The district court[3] varied upward from the Guidelines and sentenced Doerr to 80 months on each count, to run consecutively.  Doerr appeals, arguing that:  (1) he was too drunk to have the specific intent to assault N.V.; (2) he ran over N.V. in self-defense; (3) his convictions violate the Double Jeopardy clause; and (4) his sentence was substantively unreasonable.  Because those arguments are meritless, we affirm.

I.

The incident started when Doerr drove to his then-girlfriend's house.  He wanted to talk to her, but she refused to come outside.  After being turned away, Doerr started speeding and swerving his car through the neighborhood.  Fearing that someone could get hurt, N.V. and his brother C.V. walked outside, yelling at Doerr to stop.  Doerr parked his car on the street and started arguing with the two.  Doerr's brother, D.D., came outside to join in the argument and tried to take away Doerr's keys.  According to witnesses, no punches were thrown, and no guns were drawn.

Doerr got back in his car and accelerated backwards, running over D.D.  Neighbors saw this and ran outside to try to stop him.  Doerr then redirected his attack toward the neighbors.  His first and second attempts to hit them were stopped by the street curb.  But on the third, he managed to jump the curb and pin N.V. under his car, gravely injuring him.  Doerr then jumped out of his car and began stomping on N.V.'s head.  The crowd raced to N.V.'s defense, and managed to subdue Doerr until police arrived.[4]  When police spoke with Doerr during his arrest, they described his responses as logical.  He yelled profanities and spat in the face of an officer when

---

[2]18 U.S.C. § 113(a)(6).

[3]The Honorable Susan R. Nelson, United States District Judge for the District of Minnesota.

[4]A gun was later found outside Doerr's car, but no one claimed to own it.

he was put in the squad car. At the police station, Doerr's blood alcohol level was 0.182, over two times the legal limit in Minnesota.[5]

Prosecutors charged Doerr on four counts: two for assaulting N.V. and D.D. with a dangerous weapon (his car), and two for assaulting N.V. and D.D. and causing serious bodily injury. At trial, the jury was instructed that Doerr could not be convicted for assault with a dangerous weapon "if the effect of the alcohol made it impossible for [Doerr] to have had a specific intent to cause bodily harm." The jury was also instructed that he could not be convicted if he "reasonably believe[d] that force [was] necessary to protect himself from what he reasonably believe[d] to be unlawful physical harm about to be inflicted by another." The jury returned a guilty verdict for the two counts involving N.V., but found Doerr not guilty for the two counts involving D.D. The district court calculated Doerr's Guidelines range as 100–125 months; however, it varied upward to 160 months to account for Doerr's prior vehicular homicide conviction and the trauma he caused N.V. and D.D. Doerr appeals.

## II.

Doerr first says that there was insufficient evidence for a reasonable jury to find that he had the specific intent to assault N.V.—basically, that he was too drunk to commit the crime. We review the sufficiency of the evidence to sustain a verdict *de novo*, viewing the evidence in the light most favorable to the verdict and drawing all reasonable inferences in its favor. *United States v. Earth*, 984 F.3d 1289, 1300 (8th Cir. 2021). A conviction will be reversed "only if no reasonable jury could have found the accused guilty beyond a reasonable doubt." *Id.* (citation omitted).

We find that there was enough evidence for a reasonable factfinder to conclude that Doerr intended to assault N.V. The jury's verdict was supported by

_____

[5]Expert witness James Dahlke testified that, at the time Doerr was driving, his blood alcohol level was probably between 0.2 and 0.25, nearly three times the legal limit.

evidence that:  Doerr aimed his car at local residents; he attempted to jump the curb three times; he stomped on N.V.'s head after hitting him with his car; and police described his responses afterwards as logical.  Both common sense and our caselaw require affirming Doerr's conviction.  *See United States v. Waldman*, 310 F.3d 1074, 1078 (8th Cir. 2002) (affirming finding of specific intent to cause death or serious bodily harm based on defendant threatening and aiming a gun at victim).

## III.

Doerr next argues that no reasonable jury could have found that he was not acting in self-defense.[6]  He argues that there was ample evidence introduced at trial that he reasonably believed force was necessary to protect himself from the crowd, including testimony that:  at least one person in the crowd was throwing rocks at his car, and a jack was thrown through his front windshield; guns had been drawn before N.V. was hit; a person in the crowd was pointing a gun at Doerr; and N.V. was holding a rifle before Doerr struck him.

We disagree.  The jury had significant evidence that Doerr was not acting in self-defense, including testimony that:  Doerr initiated the assault;[7] N.V. was trying to stop Doerr from racing through the streets and hurting someone; residents retreated when Doerr reentered his car; and Doerr got out of his car to stomp on N.V.'s head after running him over.  That's more than enough evidence for a reasonable jury to find that Doerr was not acting in self-defense, even in light of conflicting witness testimony.  *See United States v. Hodge*, 594 F.3d 614, 618 (8th Cir. 2010) ("A jury's credibility determinations are well-nigh unreviewable because

---

[6]Observant readers may notice that this argument is at odds with Doerr's first argument.  He both claims that no reasonable factfinder could think he had the intent to cause bodily harm to N.V., and that no reasonable factfinder could find that he *did not* have the intent to act in self-defense when he ran over N.V.

[7]*See United States v. Milk*, 447 F.3d 593, 599 (8th Cir. 2006) (noting that evidence "show[ing] that it was actually [defendant] who initiated the assault . . . . is inconsistent with a self-defense claim, be it a perfect or imperfect one").

the jury is in the best position to assess the credibility of witnesses and resolve inconsistent testimony.").

## IV.

Even if his convictions were valid, Doerr claims, sentencing him to consecutive terms for both assault with a deadly weapon *and* assault resulting in serious bodily injury violates the Double Jeopardy clause. But that argument is foreclosed by both Supreme Court and Eighth Circuit precedent. The test for Double Jeopardy violations, established in *Blockburger v. United States*, is "whether each [crime] requires proof of a fact which the other does not." 284 U.S. 299, 304 (1932). As we noted in *United States v. Eagle*, assault with a deadly weapon and assault resulting in serious bodily injury have distinct requirements—one requires use of a deadly weapon, and one requires serious bodily injury. 586 F.2d 1193, 1197 (8th Cir. 1978).

## V.

Finally, Doerr contends that his 160-month sentence is substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Merrell*, 842 F.3d 577, 584 (8th Cir. 2016). We will reverse only where the district court "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Ali*, 799 F.3d 1008, 1033 (8th Cir. 2015) (citation omitted).

We see no abuse of discretion. The district court considered Doerr's mitigating factors, such as his alcoholism, intoxication at the time of the offense, and troubled childhood. But the court thought that his conduct "warrant[ed] a significant sentence" in light of his prior vehicular homicide conviction, prior domestic assaults, and the "serious, painful, life-threatening injuries to [his] victim." "Where a district court in imposing a sentence makes an individualized assessment based on the facts

presented, addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." *United States v. Parker*, 762 F.3d 801, 812 (8th Cir. 2014) (citation omitted) (cleaned up).

## VI.

We affirm.

_____