# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2027
_____

United States of America

*Plaintiff - Appellee*

v.

Mary Freida Fugerson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: January 13, 2023
Filed: March 27, 2023
[Unpublished]
_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Mary Freida Fugerson pled guilty to possession with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and

(b)(1)(A).  The district court[1] sentenced her to 96 months in prison.  She appeals her sentence.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Fugerson asserts her within-guidelines sentence is substantively unreasonable.  This court reviews for abuse of discretion.  *United States v. Doerr*, 42 F.4th 914, 918 (8th Cir. 2022).  "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Palkowitsch*, 36 F.4th 796, 802 (8th Cir. 2022).  A within-guidelines sentence is presumptively reasonable.  *United States v. Owens*, 38 F.4th 1, 3 (8th Cir. 2022).  "It will be the unusual case when we reverse a district court sentence— whether within, above, or below the applicable Guidelines range—as substantively unreasonable."  *United States v. Feemster*, 572 F.3d 455, 464 (8th Cir. 2009) (en banc).

First, Fugerson challenges the guidelines for drug possession offenses generally, arguing they do not rely on empirical data but rather use a weight-driven scheme and are unnecessarily punitive.  Congress anticipated situations like Fugerson's with its safety valve provision.  *See* 18 U.S.C. § 3553(f) (requiring the court to impose a sentence "pursuant to guidelines . . . without regard to any statutory minimum sentence" in certain situations).  Because Fugerson possessed more than 500 grams of meth, she faced a mandatory minimum of 120 months in prison and a potential for a life sentence. But she qualified for the safety valve relief, which reduced her guidelines range to 87 to 108 months.  The court did not abuse its discretion in declining to *further* reduce her sentence based on policy arguments. *See United States v. Ultsch*, 578 F.3d 827, 830-31 (8th Cir. 2009) (holding district courts are "free to vary from the guideline based on policy concerns," but are not required to do so).

---

[1]The Honorable Roseann Ketchmark, United States District Judge for the Western District of Missouri.

Second, she argues that because she was just a one-time drug courier, she should not be punished based on the amount of drugs she was carrying. The district court addressed this argument, expressing concern with couriers like Fugerson who "are carrying large amounts of dangerous illegal drugs," noting that they are "a crucial aspect of the illegal meth supply chain success." The court did not abuse its discretion in determining that the amount of drugs she transported—almost 620 grams—indicated her culpability because she was "an integral part" of the "community supply chain of illegal drugs." *See generally United States v. Bustos-Torres*, 396 F.3d 935, 943 (8th Cir. 2005) (observing that "weapons and violence are frequently associated with drug transactions").

Third, she claims the court exaggerated the seriousness of her criminal history because she received only probation for her two prior felonies (possession of marijuana for sale and grand theft). But a court may consider that the leniency of prior sentences has not effectively deterred future criminal conduct. *See United States v. Isler*, 983 F.3d 335, 344 (8th Cir. 2020) (holding that even "minor crimes" may show a likelihood of recidivism or "that leniency has not been effective").

Finally, she quibbles with the court's statement that it would be required to sentence someone with no criminal history more harshly than her because of her safety-valve relief. But courts are required to fashion sentences to avoid unwarranted sentencing disparities between defendants "guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6).

The district court considered each of Fugerson's arguments and made an "individualized assessment based on the facts presented, addressing the defendant's proffered information in its consideration of the § 3553(a) factors." *Doerr*, 42 F.4th at 918. There was no abuse of discretion.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____