# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1514

_____

United States of America

*Plaintiff - Appellee*

v.

Francis James Kistler

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Western

_____

Submitted: October 20, 2022
Filed: June 6, 2023

_____

Before SMITH, Chief Judge, BENTON and STRAS, Circuit Judges.

_____

SMITH, Chief Judge.

A grand jury indicted Francis Kistler, a former sheriff's deputy, on six counts: attempting to induce a minor to produce child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Counts 1 and 2); enticement of a minor, in violation of 18 U.S.C. § 2422(b) (Counts 3 and 4); and transferring and attempting to transfer obscenity to a person under the age of 16, in violation of 18 U.S.C. § 1470 (Counts 5 and 6). Kistler pleaded guilty to a superseding information charging him with the conduct

underlying Counts 3 and 4 under a single count. In exchange, the government agreed to dismiss the original indictment. The parties also agreed to recommend a sentence of 120 months' imprisonment.

The district court[1] filed a notice of departure, pursuant to U.S.S.G. § 5K2.21, which permits the court to depart upward based on conduct underlying a charge dismissed as part of a plea agreement in the case. The district court based its departure consideration, in part, on the additional charges not accounted for in the plea agreement. It also indicated that it was alternatively considering an upward variance.

At sentencing, the district court sustained Kistler's objection to a two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(3)(A). It then calculated Kistler's Guidelines range as 188–235 months' imprisonment. The court rejected the parties' 120-month recommendation and, taking into account the six dismissed counts and their maximum and minimum penalties, departed upward to a sentence of 300 months.

In the alternative, the district court also varied upward to the same 300 months based on the 18 U.S.C. § 3553(a) sentencing factors. The court began by acknowledging Kistler's age and health problems, but it noted those problems never prevented him from continuing his work in law enforcement. The court also acknowledged that Kistler appeared remorseful. Kistler's apparent remorse notwithstanding, the court noted that Kistler's offense was "among the most serious offenses under this statute that [it has] seen" and that it has imposed several 300-month sentences for such crimes. R. Doc. 111, at 58:11–12. The court found Kistler's status as a law enforcement officer during the commission of this offense troubling.

---

[1]The Honorable Jeffrey L. Viken, United States District Judge for the District of South Dakota.

The court stated that it was "an extremely serious offense." *Id.* at 59:11–12. The court was also concerned that a lenient sentence, like the parties' recommendation, risked the public perception that Kistler was getting a break based on that status. Additionally, the court acknowledged 18 U.S.C. § 3553(b)(2)(A)(i), which allows it to impose a sentence outside the Guidelines range if "the court finds that there exists an aggravating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence greater than that described."

On appeal, Kistler challenges his sentence's length. "When we review the imposition of sentences, whether inside or outside the Guidelines range, we apply a deferential abuse-of-discretion standard." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted). "We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." *United States v. O'Connor*, 567 F.3d 395, 397 (8th Cir. 2009).

Kistler argues that the district court procedurally erred by improperly considering the conduct underlying some of the dismissed counts of the indictment. He claims that the court erred by counting the enticement charges twice—in the Guidelines range calculation and in the departure—and by relying on Count 5 despite it not being proven by a preponderance of evidence.

However, "[w]e have held that any procedural error in granting an upward departure is harmless when the district court makes it clear that the sentence is also based on an upward variance under the section 3553(a) factors." *United States v. Timberlake*, 679 F.3d 1008, 1011 (8th Cir. 2012). Here, the district court's extensive explanation for the appropriateness of its variance placed great weight on the seriousness of the offense and Kistler's abuse of his position as a law enforcement officer. It placed comparatively little weight on any of the dismissed counts. The

court emphasized the egregiousness of Kistler's conduct and that it had employed 300-month sentences previously for other egregious conduct under this statute. The court also emphasized that the Guidelines did not adequately account for the seriousness of Kistler's offense and the need to send an accurate message to the community. Given the clarity of the district court's rationale for its variance, any procedural error in the upward departure was harmless.

Kistler argues that his sentence is substantively unreasonable. In doing so, he reiterates his argument based on double counting the enticement counts and consideration of Count 5 but, as we have explained, the variance focused on the seriousness of his offense and his law enforcement status, not the dismissed counts.

Additionally, Kistler argues that his sentence is substantively unreasonable because the district court failed to adequately weigh the mitigation points that he raised and failed to adequately justify the sentence. This claim is belied by the sentencing transcript, briefly summarized above. In any event, "[s]imply because the district court weighed relevant factors . . . more heavily than [Kistler] would prefer does not mean the district court abused its discretion." *United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011).

In sum, even if the district court erred procedurally in its departure analysis, any error is harmless considering the court's rationale for its alternative variance. Kistler has shown no likelihood that his sentence would be more favorable should he be resentenced based on the alleged error. We discern no abuse of discretion and affirm.

_____