# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2932
_____

United States of America

*Plaintiff - Appellee*

v.

Jesse Neri

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: May 11, 2023
Filed: July 19, 2023
_____

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Following a Drug Enforcement Administration (DEA) investigation, Jessi Neri pled guilty to three counts involving methamphetamine: possession, distribution, and conspiracy. The district court[1] sentenced Neri to 210 months'

_____

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

imprisonment on each count, all terms to run concurrently. On appeal, Neri raises three claims of procedural error and argues that his sentence is substantively unreasonable. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

On January 5, 2021, an undercover officer working with the DEA coordinated a purchase of methamphetamine from a known supplier believed to reside in Mexico. The plan was for the parties to meet at a business in Omaha, Nebraska, to conduct the exchange. After the undercover officer arrived at the proposed meeting location, he noticed two individuals waiting for him in a vehicle, which he later learned belonged to Neri. One was in the passenger seat and the other was in the driver's seat. The undercover officer approached the vehicle and asked if they had "the stuff." The individual in the passenger seat responded, "yeah," and handed the undercover officer an open cardboard box containing approximately one pound of methamphetamine. The officer then paid the individual in the passenger seat $4,100 in cash, the previously agreed-upon price, and the men went on their way.

Following the controlled buy, investigators coordinated a traffic stop of the vehicle to verify the passengers' identities. During the stop, the investigators confirmed that Neri was the individual in the passenger seat and his brother, Oswaldo, was in the driver's seat. Based on Neri's driver's license photograph, the undercover officer positively identified Neri as the person who handed him the methamphetamine.

Using this information, the investigators obtained a search warrant for Neri and Oswaldo's shared residence. Approximately a week after the transaction, investigators executed the warrant. During their search, they discovered a digital scale and baggies, as well as approximately six pounds of methamphetamine in Oswaldo's closet. Investigators arrested both Neri and Oswaldo.

On the morning Neri's trial was scheduled to begin, he pled guilty to all counts, while Oswaldo proceeded to trial. The same district judge who sentenced Neri presided over Oswaldo's trial, where "absolutely overwhelming" evidence convinced a jury to convict him on all counts. Soon after, the United States Probation Office released its initial Presentence Investigation Report (PSR) in preparation for Neri's sentencing. Neri filed several objections. As relevant here, Neri objected to (1) the Probation Office's attribution of the six pounds of methamphetamine discovered in Oswaldo's closet to him, thereby increasing his base offense level; (2) the Probation Office's suggested two-level enhancement for Neri's knowledge that the methamphetamine was imported unlawfully; and (3) the Probation Office's recommendation to deny him a downward adjustment for his minor role in the offense.

At sentencing, Neri renewed his objections. The district court overruled them after hearing argument and considering the "evidence at [Oswaldo's] trial and the unobjected-to allegations in the PSR." As to Neri's first objection, the district court overruled it on the grounds that, even though the methamphetamine was discovered in Oswaldo's closet, the "entire weight of the meth [wa]s attributable to both defendants as relevant conduct" underlying Neri's conspiracy conviction. Moving to Neri's second objection, the district court ruled that the two-level enhancement for importing methamphetamine applied because "the unobjected-to allegations in the PSR show[ed] that the conspiracy involved knowing importation of methamphetamine from Mexico." Finally, the district court determined that Neri was not entitled to a downward adjustment for a minor role in the offense because Neri "used his own truck to engage in a drug-trafficking transaction and he personally handed an undercover officer approximately [one] pound of methamphetamine which was sent from a Mexico-based supplier in exchange for $4100."

Having overruled all of Neri's objections, the district court then determined Neri's United States Sentencing Guidelines range to be 188 to 235 months' imprisonment before moving on to its 18 U.S.C. § 3553(a) analysis. The district

-3-

court considered all factors as required, emphasizing the nature and circumstances of the offense, specifically the quantity of methamphetamine involved and its origins in Mexico. The district court also highlighted Neri's criminal history, focusing on Neri's previous involvement with narcotics. Following its § 3553(a) analysis, the district court determined that a sentence of 210 months' imprisonment on each count was "sufficient but not greater than necessary." The district court was then careful to note that, "although I have overruled [Neri's] objections, even if I had sustained some or all of them, I would have still imposed the same sentence . . . based on all the factors that I am required to consider under the law." Similarly, the district court stated, "I would give the exact sentence [given] . . . even if I ignored everything that happened at [Oswaldo's] trial." Neri now appeals, arguing that the district court committed procedural error when it (1) attributed the six pounds of methamphetamine discovered in Oswaldo's closet to him; (2) applied a two-level enhancement based on his knowledge that the methamphetamine was imported; and (3) refused to grant him a downward adjustment for his minor role in the offense. He also argues that his sentence is substantively unreasonable.

## II.

"We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." United States v. Kistler, 70 F.4th 450, 452 (8th Cir. 2023) (citation omitted). We thus begin by analyzing Neri's three claims of procedural error and then move to the substantive reasonableness of his sentence.

## A.

"'Procedural error' includes 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation

from the Guidelines range.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted).  However, we have repeatedly emphasized that "significant procedural error can be harmless."  See, e.g., United States v. Henson, 550 F.3d 739, 741 (8th Cir. 2008) (citing cases).  And even when, as here, the government fails to raise harmless error, we may do so *sua sponte*, provided that we consider "the certainty of the harmlessness finding," and "err on the side of the criminal defendant."  See United States v. Gomez-Diaz, 911 F.3d 931, 936 n.2 (8th Cir. 2018) (quoting Lufkins v. Leapley, 965 F.2d 1477, 1481 (8th Cir. 1992)). Because we are certain of the harmlessness of Neri's claimed procedural errors, we choose to exercise this *sua sponte* authority in this case and do not reach the merits of his procedural challenges.

Here, the district court specifically stated that, "even if I had sustained some or all of [Neri's objections], I would have still imposed the same sentence . . . based on all the factors that I am required to consider under the law."  R. Doc. 170, at 35. It then undertook the requisite § 3553(a) analysis in which it highlighted the nature and circumstances of the offense and Neri's criminal history in explaining its ultimate sentence of 210 months' imprisonment.  We often consider alleged procedural errors harmless in such circumstances.  See, e.g., United States v. Sanchez-Martinez, 633 F.3d 658, 660-61 (8th Cir. 2010) (finding harmless error where, at sentencing, the district court stated that regardless of its allegedly flawed calculation of the Guidelines range, it would have "end[ed] up at the same place, anyway"); United States v. Thibeaux, 784 F.3d 1221, 1227 (8th Cir. 2015) (finding district court's alleged error in imposing sentencing enhancement harmless when district court said it would have imposed the same sentence anyway and otherwise adequately explained its sentence under § 3553(a)).  Thus, we hold that any alleged procedural error was harmless.

B.

Next, we address Neri's substantive reasonableness challenge.  "We review the substantive reasonableness of a sentence for abuse of discretion."  United States

v. Carnes, 22 F.4th 743, 750 (8th Cir. 2022). "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'" Feemster, 572 F.3d at 461 (citation omitted). Whether the sentence is outside or within the Guidelines range, our review is "highly deferential." United States v. Ayres, 929 F.3d 581, 583 (8th Cir. 2019) (citation omitted). "Sentences within the guideline range are presumed to be substantively reasonable." United States v. Meadows, 866 F.3d 913, 920 (8th Cir. 2017) (citation omitted).

Here, Neri claims the district court imposed a sentence that is greater than necessary to achieve the purposes of 18 U.S.C. § 3553(a). In support, Neri argues that he accepted responsibility in pleading guilty instead of holding the government to its burden at trial[2]; his criminal history "reflects more of a personal drug abuse problem" than selling drugs; he complied with the terms of his pretrial release; and he has a strong work ethic. In other words, Neri merely disagrees with how the district court chose to weigh the § 3553(a) factors. But this is not enough to demonstrate an abuse of discretion that justifies interfering with the district court's "'wide latitude' to assign weight to give[n] factors," and we refuse to do so here. Carnes, 22 F.4th at 751 (alteration in original) (citation omitted). The district court thus did not impose a substantively unreasonable sentence.

## III.

For the foregoing reasons, we affirm the judgment of the district court.

_____

_____

[2]We note that Neri received an acceptance-of-responsibility deduction for this decision despite (1) waiting to enter a guilty plea until "the morning of trial" and (2) "absolutely overwhelming" evidence of his guilt. R. Doc. 170, at 23.