# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3040
_____

United States of America

*Plaintiff - Appellee*

v.

Christopher M. Holmes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: September 22, 2023
Filed: December 7, 2023

_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Christopher M. Holmes received a mandatory life sentence for his involvement in a narcotics-distribution ring, but he was resentenced to 240 months' imprisonment under the First Step Act. He now appeals, alleging that the district

court[1] committed procedural error and imposed a substantively unreasonable sentence. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Following a DEA investigation, a grand jury indicted Holmes for his role in a cocaine-distribution enterprise in the Springfield-Branson, Missouri area. A jury found him guilty of: (1) conspiracy to distribute five kilograms or more of cocaine, to manufacture 280 grams or more of cocaine base, and to distribute 280 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) possession of cocaine with the intent to distribute, in violation of §§ 841(a)(1) and (b)(1)(C); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). Holmes was subject to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A) (2012) on the conspiracy count due to two prior drug convictions, but he later obtained habeas relief and an order of resentencing after the First Step Act amended § 841's sentencing-enhancement provisions. Holmes v. Hudson, No. 19 C 50154, 2020 WL 5530116 (N.D. Ill. Sept. 15, 2020).

The United States Probation Office prepared a resentencing addendum to the original Presentence Investigation Report (PSR). The addendum assigned a total offense level of 36 and a criminal history category of IV, which yielded a United States Sentencing Guidelines range of 262 to 327 months' imprisonment. At resentencing, Holmes lodged a Blakely[2] objection to the PSR's drug-quantity

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

[2]Blakely v. Washington, 542 U.S. 296, 301, 303 (2004) (reaffirming the holding of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," and clarifying that the "'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*").

calculation of 50 to 150 kilograms of cocaine derived from his involvement in the conspiracy, arguing that the jury found him guilty of conspiring to distribute only five or more kilograms of cocaine. He additionally submitted that the PSR erroneously assigned three criminal-history points for a previous weapons conviction, as the Illinois felon-in-possession statute under which he was convicted was unconstitutional. The district court overruled both objections, stating that a drug-quantity calculation for purposes of sentencing should examine the totality of the conspiratorial conduct and that the Illinois felon-in-possession statute was valid law.

The district court then sentenced Holmes to 240 months' imprisonment, which represented a downward variance from the Guidelines range. In imposing the sentence, the district court first discussed the nature of the offense and the significant role that Holmes played in the conspiracy as a "substantial player" and "executive director of operations," opining on the destruction that cocaine distribution wreaks on families and communities. It then addressed Holmes's arguments for a statutory-minimum sentence of 120 months' imprisonment—namely, that such a sentence would be commensurate with the sentences of co-conspirators and was appropriate given his strong rehabilitative potential and family support—commenting favorably on Holmes's participation in a work program and attainment of a GED while in prison and remarking that Holmes was fortunate to have support from his family, which was a "positive step."

Ultimately, the district court found that Holmes deserved a lengthier sentence than other co-conspirators due to his outsized role in the distribution ring, refusal to take responsibility, and lengthy criminal history, all of which indicated a lack of respect for the law. The district court concluded:

> I ended up giving you a sentence below the Guideline[,] but I would have given exactly the same sentence no matter how I ruled on the objections. Because of the nature of the conspiracy and your participation in it and your criminal history[,] I think a 240-month sentence is very fair to you compared to what I give other people for

similar crimes, and obviously it's way different than what you were facing otherwise.

## II.

Holmes now appeals, alleging that the district court committed procedural error by miscalculating the Guidelines range and by failing to adequately explain its sentence. He also challenges the sentence as substantively unreasonable. "We review a district court's sentence in two steps: first, we review for significant procedural error; and second, if there is no significant procedural error, we review for substantive reasonableness." United States v. Kistler, 70 F.4th 450, 452 (8th Cir. 2023) (citation omitted).

## A.

In his first point on appeal, Holmes renews his objections to the PSR and asserts that the district court erred by: (1) attributing to him a drug quantity of 50-150 kilograms of cocaine rather than five or more kilograms of cocaine as established by the jury's verdict; and (2) assigning three criminal-history points for an unconstitutional Illinois weapons conviction. "'Procedural error' includes 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence— including an explanation for any deviation from the Guidelines range.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

The Government contends that any purported error the district court made in calculating the Guidelines range is harmless. See Fed. R. Crim. P. 52(a). We agree. It is well-established that even "significant procedural error can be harmless." United States v. Neri, 73 F.4th 984, 988 (8th Cir. 2023) (citation omitted). In this vein, any error resulting from an incorrect calculation of the Guidelines is harmless "when the district court indicates it would have alternatively imposed the same

sentence even if a lower guideline range applied." United States v. Hamilton, 929 F.3d 943, 948 (8th Cir. 2019) (citation omitted). Of course, a district court cannot cure a potential Guidelines-calculation error by issuing a "blanket statement" that the sentence is fair. United States v. Icaza, 492 F.3d 967, 971 (8th Cir. 2007). Rather, it should "specifically identif[y] the contested issue and potentially erroneous ruling, set[] forth an alternative holding supported by the law and record in the case, and adequately explain[] its alternative holding." United States v. Sayles, 674 F.3d 1069, 1072 (8th Cir. 2012).

Here, the district court specifically identified and overruled Holmes's objections but stated that "I would have given exactly the same sentence no matter how I ruled on the objections." The district court also provided a lengthy alternative explanation for its sentence using the sentencing factors enumerated in 18 U.S.C. § 3553(a), noting that the harmful nature of the conspiracy and Holmes's involvement in its operation, along with his significant criminal history, warranted 240-months' imprisonment. We have previously found that similar explanations rendered a purported error harmless. See, e.g., Neri, 73 F.4th at 988 (finding harmless error where the district court stated that "even if I had sustained some or all of [the defendant]'s objections, I would have still imposed the same sentence," and then discussed the § 3553(a) factors, including the nature and circumstances of the offense and the defendant's criminal history); United States v. Thigpen, 848 F.3d 841, 844 (8th Cir. 2017) (finding harmless error where the district court remarked that its Guidelines computation did "not affect or change in any way my determination that the sentence . . . is sufficient but not greater than necessary to achieve the goals of sentencing" given the defendant's criminal history and the nature and circumstances of the offense); United States v. LaRoche, 700 F.3d 363, 365 (8th Cir. 2012) (finding harmless error where the district court identified the contested issue and "reached its 'own independent determination of what is appropriate' in light of the § 3553(a) factors"). Accordingly, any alleged procedural error is harmless, and we need not reach the merits of Holmes's arguments. See Neri, 73 F.4th at 988.

B.

Holmes next asserts that the district court failed to adequately explain its sentence or consider his arguments for a downward variance pursuant to the § 3553(a) factors. Because he did not raise this objection at sentencing, we review his forfeited challenge only for plain error. United States v. Chavarria-Ortiz, 828 F.3d 668, 671 (8th Cir. 2016). To prevail, Holmes must show: (1) an error; (2) that is plain; (3) and that affects substantial rights. United States v. Moore, 565 F.3d 435, 437 (8th Cir. 2009). And the error must be of such magnitude that it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Phelps, 536 F.3d 862, 865 (8th Cir. 2008) (quoting Johnson v. United States, 520 U.S. 461, 467 (1997)).

The district court did not err, much less plainly so, in explaining Holmes's sentence. "After settling on the appropriate sentence, [a district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." United States v. Butler, 743 F.3d 645, 647 (8th Cir. 2014) (alteration in original) (quoting Gall, 552 U.S. at 50). In doing so, however, the district court need only "set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). To this end, "not every reasonable argument advanced by a defendant requires a specific rejoinder by the judge." United States v. Gray, 533 F.3d 942, 944 (8th Cir. 2008).

Here, after overruling Holmes's objections to the PSR, the district court allowed each party to orally supplement their briefs regarding an appropriate sentence. The district court then responded to each of Holmes's arguments for a downward variance, stating that "[t]here are things about your post-incarceration rehabilitation that are positive" and "show potential," including Holmes's participation in a prison work program and attainment of a GED, and further remarking that Holmes was "fortunate to have . . . family support" and a relationship

-6-

with his children.  In all, the district court found that a 120-month sentence was inadequate because Holmes had three prior offenses and was a "large player" in the distribution ring.

> When "[t]he record shows that the court listened to the parties' arguments and determined that the circumstances did not warrant a downward variance," we find no error (much less plain) if there is "nothing to suggest a reasonable probability that the district court would have imposed a more lenient sentence if the court had elected to discuss the appropriateness of the sentence at greater length."

United States v. Parker, 871 F.3d 590, 608 (8th Cir. 2017) (citation omitted).  The district court meticulously set forth the basis for its sentence after considering the parties' arguments; it indeed varied downward, but simply not to the extent that Holmes preferred.  We accordingly find no error.

We also reject Holmes's broader assertion that the district court failed to "seriously" consider any of the § 3553(a) factors, as this contention belies the record. "Nothing in § 3553(a) or in the Booker remedy opinion requires 'robotic incantations' that each statutory factor has been considered." United States v. Ortiz, 636 F.3d 389, 395 (8th Cir. 2011) (citation omitted).  Rather, "[a]ll that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors."  United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009) (citation omitted).

Here, the district court acknowledged its obligation to impose a sentence "which is sufficient but not greater than necessary to meet the objectives of our sentencing laws" and then indicated its intention to discuss "the factors that are relevant to sentencing . . . in the law at Title 18, Section 3553(a)."  What followed was an application of the relevant § 3553(a) factors sufficient to provide for meaningful appellate review.  Gall, 552 U.S. at 50.  The district court laid out in detail the severity and destructiveness of cocaine distribution and discussed Holmes's substantial participation in the conspiracy, extensive criminal history, and

general lack of respect for the law. The district court ultimately found that a 240-month sentence was fair and commensurate with the sentences that it had imposed on similarly situated defendants. Moreover, the district court not only had the PSR before it, which "contain[ed] extensive information regarding [Holmes], his history and characteristics, the nature and circumstances of the offense, the kinds of sentences available, and a recommended advisory sentencing guidelines range, all of which are factors under § 3553(a)," but it also varied downward, which dispels any "doubt the district court was aware of, and indeed considered and applied" the relevant sentencing factors. United States v. Bevins, 848 F.3d 835, 840-41 (8th Cir. 2017) (first alteration in original) (citation omitted).

C.

We now review the substantive reasonableness of Holmes's sentence under a deferential abuse-of-discretion standard. United States v. Ayres, 929 F.3d 581, 583 (8th Cir. 2019). A district court abuses its discretion when it "fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Doerr, 42 F.4th 914, 918 (8th Cir. 2022) (citation omitted). "[I]t will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." Feemster, 572 F.3d at 464 (citation omitted).

Holmes's briefing on this point is largely duplicative of his procedural-error claims, but, in essence, he asserts that the district court failed to make an individualized assessment using the § 3553(a) factors and thus afforded too much weight to his criminal history while undervaluing his post-incarceration efforts toward rehabilitation. The result of this error, according to Holmes, was a sentence that was greater than necessary to achieve the statutory purposes of § 3553(a). This argument is without merit.

As discussed above, the district court provided a thorough explanation applying the relevant § 3553(a) factors to its sentencing decision. In doing so, the district court expressed its approval of Holmes's rehabilitative efforts while in prison. But it found that Holmes's frequent "battles with the law" outweighed any mitigating factors, stating that "the essence of society, like it or not, is respect for the law," and that Holmes must accordingly strive to "live within the law." It then rejected Holmes's requested sentence of 120 months' imprisonment as "too low and not fair," but it nonetheless varied downward from the Guidelines range by 22 months. While Holmes wishes that the district court would have afforded more weight to the mitigating circumstances in this case, his mere dissatisfaction in this regard does not indicate that the district court abused its considerable discretion in weighing the relevant § 3553(a) factors. United States v. Wickman, 988 F.3d 1065, 1067 (8th Cir. 2021). Therefore, upon finding no abuse of discretion, we conclude that the district court imposed a substantively reasonable sentence.

III.

The judgment of the district court is affirmed.

_____