# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1897

_____

United States of America

*Plaintiff - Appellee*

v.

Brian Jarrell Dennis, also known as Buddy, also known as Mo, also known as Buddy Mo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: February 16, 2024
Filed: July 2, 2024
[Published]

_____

Before LOKEN, COLLOTON,[1] and KELLY, Circuit Judges.

_____

PER CURIAM.

---

[1]Judge Colloton became chief judge of the circuit on March 11, 2024.  See 28 U.S.C. § 45(a)(1).

Brian Jarrell Dennis was part of a drug-trafficking organization bringing heroin and fentanyl into the Cedar Rapids, Iowa, area between 2018 and 2021. He pleaded guilty to charges related to the distribution of controlled substances and to his possession of a firearm after having been convicted of a felony. The district court[2] sentenced him to 400 months in prison and five years of supervised release. Dennis appeals his sentence, alleging that the court erred in calculating his advisory Guidelines range and that his sentence is substantively unreasonable. We affirm.

I.

First, Dennis argues the district court erred when, in calculating his base offense level, it relied on statements he made during proffer interviews with the government. We review de novo. United States v. Perry, 640 F.3d 805, 809–10 (8th Cir. 2011) (citation omitted) (standard of review).

Dennis's argument is grounded in United States Sentencing Guidelines (USSG) § 1B1.8. This provision provides that if a defendant "agrees to cooperate with the government by providing information concerning unlawful activities of others," any self-incriminating information provided pursuant to the cooperation agreement shall not be used to calculate the applicable Guidelines range—so long as "the government agrees." See USSG § 1B1.8(a); see also § 1B1.8(b) (listing categories of information not restricted by subsection (a)). In other words, § 1B1.8 protection "is triggered when the Government agrees that qualifying self-incriminating information will not be 'used against the defendant.'" Perry, 640 F.3d at 810 (quoting § 1B1.8(a)).

Even if we assume Dennis's proffer agreement triggered § 1B1.8 protection, the agreement allowed the district court to use Dennis's statements precisely as it used them. See id. (asking, first, whether the proffer agreement falls "within the

---

[2]The Honorable C.J. Williams, then United States District Judge for the Northern District of Iowa, now Chief Judge.

coverage of § 1B1.8," and when this is so, then determining "extent . . . to which the proffer agreement nonetheless allows for use of [defendant's] proffer statement" to calculate Guidelines range). Dennis's proffer agreement states that "[a]ll information provided by [Dennis], including incriminating statements, **may** be used in the following circumstances: . . . by the Court or Probation Office at any time, including at the time of [Dennis]'s guilty plea and sentencing in this matter, and to determine the length of [Dennis]'s sentence." (emphasis in original). This "conveys the parties' intent to allow the court to use the information derived from the proffer session for [that] purpose," which is what the court did here. Perry, 640 F.3d at 812.

This distinguishes Dennis's proffer agreement from Perry's, which "simply state[d] that the Government will *provide* information derived from the proffer session to the sentencing court." 640 F.3d at 812. The Perry agreement "sa[id] nothing of the court's ability to *consider* that information in calculating Perry's sentencing guidelines range." Id. Dennis's agreement did. "[W]hat's important is the Defendant understand that what he tells the Government will be used to determine the length of his sentence." United States v. Cox, 985 F.2d 427, 431 (8th Cir. 1993). Dennis's agreement conveyed that understanding. See id. The court did not err in relying on the proffered statements to calculate his base offense level. See 18 U.S.C. § 3661 (discussing what courts may consider for purpose of imposing sentence).

II.

Second, Dennis argues the district court clearly erred in finding that he used violence in connection with a drug offense for purposes of applying a two-level enhancement. See USSG § 2D1.1(b)(2). His argument challenges the district court's credibility findings, but such determinations are "virtually unreviewable on appeal." United States v. Johnson, 169 F.3d 1092, 1098 (8th Cir. 1999) (quoting United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993)); United States v. Bridges, 569 F.3d 374, 377 (8th Cir. 2009) (observing such findings "are 'almost never clear error given [the district] court's comparative advantage at evaluating credibility'" (quoting United States v. Allmon, 500 F.3d 800, 806 (8th Cir. 2007))). Dennis points

to weaknesses and conflicts in witness testimony and motivation, but the district court took these into account when making its findings, and none of them provides us with sufficient reason to depart from this general rule. See United States v. Johnston, 353 F.3d 617, 625–26 (8th Cir. 2003). We find no clear error here.

## III.

Third, Dennis argues the district court clearly erred in finding that he had a leadership role in the drug-distribution conspiracy, a finding that supported a four-level enhancement. See USSG § 3B1.1(a). This enhancement applies "[b]ased on the defendant's role in the offense," where "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Id. It is undisputed that there were at least five participants; what Dennis disputes is that there was any evidence that he was an organizer or leader.

Reviewing the district court's factual findings for clear error, we find that its determinations were supported by sufficient evidence. See United States v. Outlaw, 946 F.3d 1015, 1019 (8th Cir. 2020). "In deciding whether a defendant played an aggravating role, the court should consider 'the exercise of decision making authority . . . and the degree of control and authority exercised over others.'" Id. (quoting USSG § 3B1.1, comment. (n.4)). As laid out in uncontested portions of his Presentence Investigation Report, Dennis exercised control over "runners" he dispatched to deliver drugs. See id. He provided them with cell phones or had them use his phone so they could sell drugs for him, and he sent them to deliver the drugs. "This sort of control and authority, exerted[, as it was here,] with respect to several persons over a period of years, suffice[s] to establish [Dennis] as an organizer or leader." Id. (citing United States v. Rodriguez, 112 F.3d 374, 377 (8th Cir. 1997)). The district court did not clearly err in applying the four-level enhancement.

## IV.

Fourth, Dennis argues his sentence was substantively unreasonable. We review a sentence's reasonableness "under a deferential abuse-of-discretion standard." United States v. Holmes, 87 F.4th 910, 916 (8th Cir. 2023) (citation omitted). "A district court abuses its discretion when it 'fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" Id. (quoting United States v. Doerr, 42 F.4th 914, 918 (8th Cir. 2022)); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Dennis does not point to any factor the district court failed to properly consider or weigh, or to any clear error in its judgment. Holmes, 87 F.4th at 916. Rather, he asserts "400 months is simply an excessive sentence" in light of the instant offenses and, as he frames it, his limited, "by and large non-violent" criminal history.

Contrary to Dennis's characterization, the district court found he was "a violent drug dealer" and "an organizer and leader of a very significant large drug organization that was bringing [] huge quantities of [drugs] into the Cedar Rapids area" not to support an addiction but rather "to make large amounts of money." The district court further found that during the course of his drug-trafficking activities, Dennis was "armed," and possessed other, loaded firearms—including one used in the shooting of another drug dealer—and firearms with large-capacity drum magazines. And it found that he had "a significant criminal history," and "a history of violence," which included "at least one prior violent crime of domestic abuse assault causing bodily injury." The district court also found Dennis's "disregard for the safety of other people" to be "aggravating"—for example, when Dennis fled from law enforcement in an effort to avoid arrest on the instant charges, he drove his vehicle through residential streets and alleys at a high rate of speed. Against this background, the district court expressly considered the 18 U.S.C. § 3553(a) factors and arrived at a sentence it determined was "sufficient but not greater than necessary to achieve the goals of sentencing." We find no abuse of discretion.

V.

The judgment of the district court is affirmed.

_____