# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3313
_____

United States of America

*Plaintiff - Appellee*

v.

Jose Luis Torres

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: September 23, 2024
Filed: December 5, 2024
[Unpublished]
_____

Before SMITH, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Jose Torres, who pleaded guilty to two counts of cocaine distribution, *see* 21 U.S.C. § 841(a)(1), (b)(1)(C), argues that the district court[1] miscalculated the drug weight at sentencing. Any error, however, was harmless, so we affirm.

---

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

The presentence investigation report, which the district court adopted, estimated that the combined drug weight from multiple deliveries of cocaine was just over 35 kilograms. *See* U.S.S.G. § 2D1.1(c). Torres challenged almost all of it, except for the 112 grams that supported his guilty plea. Concluding that the remaining drugs were part of the "same course of conduct or common scheme or plan" as the deliveries he admitted to making, the court overruled his objections. U.S.S.G. § 1B1.3(a)(2).

It then went a step further by explaining why it would have imposed a 200-month sentence "either way." It made clear that, even if the disputed drug transactions had been excluded, it still would have "varied upward" and ended up in the same place. In its view, "the sentence" it ultimately selected was "sufficient but not greater than necessary to satisfy [the statutory sentencing factors]." Given these statements, we can safely conclude that a lower drug weight would not have resulted in a lower sentence. *See United States v. Holmes*, 87 F.4th 910, 914 (8th Cir. 2023) (explaining when an error is harmless). We accordingly affirm the judgment of the district court.

_____