# United States Court of Appeals

### For the Eighth Circuit

_____

No. 23-3766

_____

United States of America

*Plaintiff - Appellee*

v.

Damon D. Williams, also known as Damo

*Defendant - Appellant*

_____

No. 23-3777

_____

United States of America

*Plaintiff - Appellee*

v.

Tawhyne M. Patterson, Sr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: January 13, 2025
Filed: April 1, 2025
[Unpublished]

_____

Before SMITH, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Following remand for resentencing after we vacated their convictions for murder with a firearm during a crime of violence ("Count I") in United States v. Patterson, 68 F.4th 402 (8th Cir. 2023), the district court[1] sentenced Damon Williams and Tawhyne Patterson to terms of imprisonment of 660 months. They challenge several decisions affecting their sentences.

Williams and Patterson assert the district court erred in grouping their two convictions for attempted Hobbs Act robbery under USSG § 3D1.2. We need not reach the merits of an argument regarding the incorrect calculation of the Guidelines range if the alleged error is harmless. United States v. Holmes, 87 F.4th 910, 915 (8th Cir. 2023). A calculation error is harmless if the district court indicated it would have imposed the same sentence under the lower guideline range. Id. at 914 (quoting United States v. Hamilton, 929 F.3d 943, 948 (8th Cir. 2019)). The district court must identify the contested issue and potentially erroneous ruling and then provide an adequate alternative legal and factual explanation for its sentence. Id. (quoting United States v. Sayles, 674 F.3d 1069, 1072 (8th Cir. 2012)).

After a thorough review of the record, we find that the district court identified the disagreement regarding the application of § 3D1.2, stated that it would have given the same sentence without applying § 3D1.2, and provided an alternative explanation under the 18 U.S.C. § 3553(a) factors for the sentence. Any alleged procedural error is harmless. Id. at 915.

Next, Williams asserts the district court's application of the murder cross reference under USSG § 2A1.1 violates his Fifth and Sixth Amendment rights

_____

[1]The Honorable John M. Gerrard, United States District Judge for the District of Nebraska.

because we vacated his conviction on Count I. We review *de novo* a constitutional challenge to the application of the Guidelines. United States v. Howell, 606 F.3d 960, 963 (8th Cir. 2010).

It is well established that a defendant's constitutional rights are not violated when the district court applies the § 2A1.1 cross reference. United States v. Jackson, 782 F.3d 1006, 1013 (8th Cir. 2015). The district court must find facts proven by a preponderance of the evidence to support the cross reference. Howell, 606 F.3d at 963. We review its factual findings for clear error. Jackson, 782 F.3d at 1013.

In this case, we did not vacate the conviction on Count I because the murder did not occur. Instead, we vacated because an essential element of the offense – "during a crime of violence" – could not be established by an attempted Hobbs Act robbery. Patterson, 68 F.4th at 420.

The jury found Williams guilty beyond a reasonable doubt of murder. More than a preponderance of the evidence supported the finding of murder. The district court did not clearly err in applying § 2A1.1.

Finally, Patterson asserts his sentence is substantively unreasonable because the district court applied the § 2A1.1 murder cross reference to the first attempted Hobbs Act robbery conviction ("Count II"). We review the substantive reasonableness of a sentence under the highly deferential abuse of discretion standard. United States v. Neri, 73 F.4th 984, 988 (8th Cir. 2023).

The record reflects that the district court properly considered and weighed the § 3553(a) factors before imposing the statutory maximum sentence for Count II. We find no abuse of discretion in the sentence.

The judgments of the district court are affirmed.

_____