# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3100
_____

United States of America

*Plaintiff - Appellee*

v.

Delonte Harris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: June 18, 2025
Filed: June 24, 2025
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Delonte Harris appeals the sentence the district court[1] imposed after he pled guilty to robbery charges. His counsel has moved to withdraw and has filed a brief

_____

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

under <u>Anders v. California</u>, 386 U.S. 738 (1967), challenging the application of a 3-level increase under U.S.S.G. § 2B3.1(b)(2)(E) for brandishing or possessing a dangerous weapon and the substantive reasonableness of the sentence.

After a thorough review of the record, we conclude we need not reach the merits of the arguments regarding the Guidelines increase, as any procedural error was harmless because the district court identified the issue, stated that it would have imposed the same sentence regardless of the Guidelines calculations, and provided an alternative explanation for the sentence under the 18 U.S.C. § 3553(a) factors. <u>See</u> <u>United States v. Holmes</u>, 87 F.4th 910, 914-15 (8th Cir. 2023) (Guidelines calculation error is harmless if district court indicated it would have imposed same sentence under lower Guidelines range, identified contested issue and potentially erroneous ruling, and provided adequate alternative legal and factual explanation for sentence).

Further, we conclude that the sentence is not substantively unreasonable. <u>See</u> <u>United States v. Feemster</u>, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review; district court abuses its discretion when it fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or commits clear error of judgment in weighing appropriate factors); <u>United States v. Bridges</u>, 569 F.3d 374, 379 (8th Cir. 2009) (district court has wide latitude to weigh § 3553(a) factors in each case and assign some greater weight than others to determine appropriate sentence).

We have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw and affirm the judgment of the district court.

_____