# United States Court of Appeals

## For the Eighth Circuit

_____

No. 24-2510

_____

United States of America

*Plaintiff - Appellee*

v.

Joel M. Hale

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri

_____

Submitted: May 12, 2025
Filed: August 7, 2025
[Unpublished]

_____

Before BENTON, KELLY, and GRASZ, Circuit Judges.

_____

PER CURIAM.

The district court[1] revoked Joel Hale's supervised release and sentenced him to 24 months of imprisonment after Hale violated his conditions of supervised release by committing a new crime, specifically eluding the police. Hale appeals,

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

arguing that his revocation sentence is substantively unreasonable because the district court failed to give proper weight to mitigating factors. We affirm.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Holmes*, 87 F.4th 910, 916 (8th Cir. 2023). "A district court abuses its discretion when it 'fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" *Id.* (quoting *United States v. Doerr*, 42 F.4th 914, 918 (8th Cir. 2022)). A district court is not required to specifically address each relevant sentencing factor or mitigation argument raised by defense counsel. *United States v. Ruiz-Salazar*, 785 F.3d 1270, 1273 (8th Cir. 2015). When, as here, a defendant receives a sentence within the advisory sentencing range, we presume the sentence is substantively reasonable. *See id.* at 1272.

Hale does not overcome this presumption of reasonableness. Hale contends the district court should have imposed a shorter sentence than the statutory maximum because this was his first revocation, he conceded the violation, and he committed a Grade "B" violation, rather than a Grade "A" violation. But Hale's belief that the district court should "have afforded more weight to the mitigating circumstances in this case" is insufficient to show an abuse of discretion. *See Holmes*, 87 F.4th at 917. The district court explained Hale's conduct constituting the violation — twice fleeing from law enforcement at high speeds in a residential neighborhood and "recklessly endanger[ing] innocent people on the street." It then noted it considered all of the relevant statutory factors and concluded 24 months of imprisonment was an appropriate sentence. While the district court's explanation of the sentence was brief, it did not fail to consider a relevant factor or Hale's mitigation arguments. Under these circumstances, we conclude Hale's sentence is not substantively unreasonable. *See Ruiz-Salazar*, 785 F.3d at 1272–73.

We therefore affirm the judgment of the district court.

_____