# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1758
_____

United States of America

*Plaintiff - Appellee*

v.

Armani Eugene Gates, also known as OMB74, also known as 74

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa
_____

Submitted: April 18, 2025
Filed: August 7, 2025
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Armani Gates pled guilty to six separate fentanyl- and firearm-related offenses. The district court[1] calculated his advisory Guidelines range as 262 to 327 months of imprisonment, plus a 60-month consecutive mandatory term under 18

_____

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

U.S.C. § 924(c), and sentenced him to a total of 276 months of imprisonment. Gates appeals, arguing his below-Guidelines sentence is substantively unreasonable because the district court gave insufficient weight to mitigating factors such as his age, acceptance of responsibility, need for drug treatment, and family support.

We review the substantive reasonableness of Gates's sentence for abuse of discretion. *See United States v. Holmes*, 87 F.4th 910, 916 (8th Cir. 2023). Here, the district court considered all the factors under 18 U.S.C. § 3553(a) and specifically discussed Gates's youth, immaturity, and strong family support as well as the seriousness of his crimes, the connection between the fentanyl and firearms, the danger of fentanyl, and his leadership role in a gang. *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (explaining the district court need not recite all the § 3553(a) factors if the record shows it considered them). The district court did not abuse its discretion by weighing the factors differently than Gates would have preferred or by imposing a sentence below the advisory Guidelines range. *See Holmes*, 87 F.4th at 916–17 (explaining the "mere dissatisfaction" in the weight given to mitigating circumstances "does not indicate that the district court abused its considerable discretion in weighing the relevant § 3553(a) factors" and it would be "the unusual case" to reverse a sentence below the applicable Guidelines range as substantively unreasonable (quoting *Feemster*, 572 F.3d at 464)). The 276-month sentence was not substantively unreasonable.

The judgment of the district court is affirmed.

_____