# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-2439
_____

United States of America

*Plaintiff - Appellee*

v.

Donavan Cross

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Western
_____

Submitted: February 4, 2026
Filed: February 9, 2026
[Unpublished]
_____

Before LOKEN, KELLY, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Donavan Cross appeals after the district court[1] revoked his supervised release. His counsel has moved for leave to withdraw and has filed a brief arguing that most

_____

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

of the violations were not proven by a preponderance of the evidence, the district court erred by classifying some violations as Grade A, and the revocation sentence was substantively unreasonable.

Cross does not challenge the court's finding that he committed some violations of his supervised release. See United States v. Miller, 557 F.3d 910, 914 (8th Cir. 2009) (court need only find one violation to revoke supervised release). As to the contested violations, we conclude the court did not clearly err in finding they were proven by a preponderance of the evidence. See 18 U.S.C. § 3583(e)(3) (authorizing court to revoke supervised release if it finds by preponderance of evidence defendant violated condition of release); United States v. Black Bear, 542 F.3d 249, 252 (8th Cir. 2008) (decision to revoke supervised release is reviewed for abuse of discretion and subsidiary finding as to whether violation occurred is reviewed for clear error); United States v. Jones, 628 F.3d 1044, 1047 (8th Cir. 2011) (district court's decisions regarding witness credibility are "virtually unreviewable on appeal").

We conclude we need not reach the merits of the arguments regarding the Grade of the contested violations, as any procedural error was harmless because the district court identified the issue, stated that it would have imposed the same sentence regardless of whether the violations were Grade A or Grade B, and provided an explanation for the sentence under the relevant 18 U.S.C. § 3553(a) factors. See United States v. Holmes, 87 F.4th 910, 914-15 (8th Cir. 2023) (Guidelines calculation error harmless if district court indicated it would have imposed same sentence under lower Guidelines range, identified contested issue and potentially erroneous ruling, and provided adequate alternative legal and factual explanation for sentence).

Further, we conclude that the district court did not impose a substantively unreasonable sentence, as the court properly considered the factors listed in § 3553(a) and did not err in weighing the relevant factors. See Miller, 557 F.3d at 917 ("We review the substantive reasonableness of a revocation sentence under a deferential

abuse-of-discretion standard.  A court abuses its discretion if it fails to consider a relevant factor that should have received significant weight; gives significant weight to an improper or irrelevant factor; or considers only the appropriate factors but in weighing those factors commits a clear error of judgment." (citation modified)).

Accordingly, we grant counsel's motion to withdraw and affirm.

_____